IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE ) | |
| ) | |
| Corbin Delonne Jones ) | |
| P.O. Box 534 ) | Case No. 3:21-mc-69-NJR |
| 510 South 18th ) | |
| Mt. Vernon, IL 62864 ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On November 20, 2021, Corbin Delonne Jones mailed two boxes of materials to the Court via priority mail (Doc. 2). The boxes were filled with dozens of pill bottles prescribed to Mr. Jones by various providers including a general practitioner, a nurse practitioner, and a psychiatrist. The box also included an envelope with handwritten notes (Doc. 1). Though legible, the notes are incoherent and unintelligible (e.g., "just more scrutiny from government official," "eye wear that was stolen," "I'm on private property and people are literally putting my life in danger," "family and all is making my life a broadcast"). Additionally, although the notes reference District Judge J. Phil Gilbert, there is no indication that the submission was related to any of Mr. Jones's opened or closed civil cases pending in this district (since 2017, Mr. Jones has filed eleven cases in the Southern District of Illinois). The Clerk of Court turned the prescription medications over to the United States Marshals Service[1] and opened the instant case for the purpose of

---

[1] After receiving the medication, the United States Marshals Service contacted Mr. Jones in an effort to conduct a wellness check.

record keeping.

This is not the first time Mr. Jones has mailed prescription medication to the Court. On October 29, 2021, Mr. Jones mailed a box containing numerous bottles of prescription medications and loose pills. The box also contained miscellaneous papers, credit cards, bank cards, gift cards, and social security paperwork. The Court could not discern whether Mr. Jones intended to file any of the miscellaneous papers with the Court. Accordingly, the Clerk of Court returned the miscellaneous paperwork, credit cards, cash cards, and gift cards to Mr. Jones and gave the prescription medications and loose pills to the United States Marshals Service. The Clerk also mailed Mr. Jones a letter explaining the same and directing Mr. Jones to refrain from sending in similar items in the future.[2]

Mr. Jones's recent submissions are troubling and suggest that he may be experiencing mental health issues. Although the Court is sympathetic to Mr. Jones's plight, his voluminous incoherent submissions are beginning to drain the Court's limited resources—this cannot continue. *See Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed … no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").

Accordingly, Mr. Jones is **ORDERED** to refrain from submitting medication and miscellaneous materials or papers unrelated to an action in this Court. Such submissions

---

[2] Mr. Jones also mailed the Court a box of miscellaneous paperwork on October 4, 2021. That box of materials was returned to Mr. Jones after he failed to respond to a court order. *See Jones v. Mooney*, 21-cv-1121-JPG.

are frivolous and are a burden on the Court's limited resources. Mr. Jones is **WARNED** that any additional submissions of this nature will result in sanctions (including monetary sanctions and/or a filing ban). *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Further, the Clerk of Court is **DIRECTED** as follows:

   **(1)**   Any medication Mr. Jones tenders to the Court shall be turned over to the United States Marshals Service, and a public notice shall be filed in this case regarding receipt of the same.

   **(2)**   Any additional submissions from Mr. Jones that do not pertain to an action filed in this Court and/or that cannot be opened as a new case shall be returned to Mr. Jones unfiled, and a public notice shall be filed in this case regarding receipt of the same.

If the above-described materials are tendered to the Court, the Court will assess wither sanctions are warranted at that time.

   IT IS SO ORDERED.

   DATED: January 10, 2022

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**